[Crim. No. 909. Second Appellate District, Division Two.—February 23, 1923.]

## THE PEOPLE, Respondent, v. H. PETERSON et al., Appellants.

[1] CRIMINAL LAW — BURGLARY — SUFFICIENCY OF EVIDENCE. — In this prosecution for burglary, the evidence, aside from the testimony of the alleged accomplices, was sufficient to connect appellants with the perpetration of the crime.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dorris & Henderson for Appellants.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—The appellants, H. Peterson and James DeVoore, were convicted of burglary. Together with B. F. Carrell and E. C. Lierly they were jointly charged with the burglary of a warehouse in the city of Bakersfield. Lierly pleaded guilty. The three others were tried and convicted. Peterson and DeVoore appeal from the judgment. The *corpus delicti* was proved beyond peradventure. But appellants claim that, aside from the testimony of their alleged accomplices, there is no evidence tending to connect them with the crime. The point lacks merit.

[1] Early in the morning of March 12, 1922, the warehouse was entered and goods were stolen and carried away. One witness, a man who lived near the scene of the burglary, testified that at about the hour of 12:30 A. M. he saw four men with a Ford truck, which was backed up near the warehouse. The witness saw goods loaded on the truck. Two of the four men he identified as Carrell and Lierly. It is a reasonable inference, therefore, that at least four men participated in the crime. At about 2:25 o'clock of the same morning an officer discovered DeVoore in the warehouse crouched behind a table as though

endeavoring to conceal himself. DeVoore vouchsafed no explanation for his presence in that place at that hour, or for his apparent attempt at concealment. The evidence was sufficient to connect him with the crime as one of the perpetrators.

The truck which was used to remove the stolen goods belonged to the defendant Carrell, who lived about a block and a half from the warehouse. At about 4 o'clock on the morning of the burglary the truck was found on Carrell's premises. Its radiator was still warm. The three men who discovered the truck testified that they looked through the back door of Carrell's house into the kitchen, and that they saw there five trunks piled upon the floor. The trunks and their contents were a part of the stolen property. Each of these three witnesses, peeking through the door, saw a man stooping over the trunks. Presently one of them knocked at the door, which, after the expiration of about two minutes, was opened by Peterson, who was dressed. The latter made no attempt to explain his presence there at that time. These circumstances sufficed to connect Peterson with possession of the stolen property, and such possession, under all the circumstances, was sufficient to warrant the inference that he was one of the four who had burglariously entered the warehouse.

The judgment is affirmed.

Works, J., and Craig, J., concurred.